**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| BRANDON L. MAYHAN, | : | Case No. 2:25-cv-522 |
| Plaintiff, | : | |
| vs. | : | District Judge Douglas R. Cole<br>Magistrate Judge Peter B. Silvain, Jr. |
| JEFFREY BALZER, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

*Pro se* Plaintiff Brandon L. Mayhan, a former inmate at the Delaware County Jail, brought this civil rights action under 42 U.S.C. § 1983 against Defendants, all of whom are affiliated with the Delaware County Jail. The matter is currently before the Court upon the Delaware County Defendants' Motion to Dismiss[2] (Doc. #17), Plaintiff's Response (Doc. #26-1), Defendants' Reply (Doc. #27), and Defendants' Motion to Stay Discovery (Doc. #18). For the reasons set forth herein, the Court recommends that Defendants' Motion to Dismiss (Doc. #17) be **GRANTED** and Defendants' Motion to Stay Discovery (Doc. #18) be **DENIED** as moot.

## I. BACKGROUND

In this § 1983 action, Plaintiff claims Defendants were deliberately indifferent to his serious medical needs resulting in the removal of his colon in violation of the Eighth and Fourteenth Amendments. (Doc. #8-1). The factual allegations forming the basis of Plaintiff's

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

[2] The Delaware County Defendants include Delaware County Sheriff Jeffrey Balzer and former Delaware County Sheriff Russell Martin; Corrections Officers Nathanael Deskins, Shawn Salyer, Christopher Burns, Kyle Hall, Michael Roehrenbeck, Gregory Hahn, and Amy Foley; former Corrections Officer Thomas Presley; and Corrections Sergeants Amber Shonebarger, Shauna Robinson, Scott Burton, and Amethyst Frost.

Complaint are alleged to have occurred while Plaintiff was incarcerated at the Delaware County Jail. Defendants are all affiliated with the Delaware County Jail and include:

1. Delaware County, Ohio, as a political subdivision of the State of Ohio, "empowered and charged under Ohio Rev. Code § 341.01 to maintain and operate a jail under charge of its Sheriff."
2. Jeffrey Balzer,[3] as the acting Sheriff of Delaware County, Ohio, and who is responsible for the operation of the Delaware County Jail. He is sued in his official capacity only.
3. Russell Martin, as the former Sheriff of Delaware County, Ohio. Plaintiff states Defendant Martin is sued in his official capacity only to the extent necessary to properly state claims against the Office of the Delaware County Sheriff.
4. The Correctional Officer Defendants: Deskin, Saylor, Burns, Presley 1 and Presley 2, Hall 1 and Hall 2, Roehrbech, Hanes, Householder, and Fogel;[4]
5. The Correctional Officer Sergeants: Shoemaker,[5] Robinson, Burton, and Frost; and
6. The Unnamed Jail Medical Defendants: Nurse Doe Nos. 1 through 5, and Dr. Richard Roe.

(Doc. #8-1, *PageID* #s 63-66).

By way of background, this matter appears to be a refiling of Plaintiff's prior civil rights case. On July 12, 2023, Plaintiff, represented by counsel, filed a civil rights action in this Court

---

[3] Plaintiff misspelled Delaware County Sheriff Jeffrey Balzer's name. The undersigned previously directed the Clerk to correct the spelling of Defendant Balzer's name. (Doc. #9, *PageID* #82).

[4] According to the County Defendants, Plaintiff misspelled the names of Defendants Deskins, Salyer, Roehrenbeck, Hahn, and Foley. (Doc. #17, *PageID* #244 n.2-2, 5-7). Further, although Plaintiff names Corrections Officers Hall 1 and Hall 2, Defendants "aver that there is a single Corrections Officer named Kyle Hall employed by the Delaware County Sheriff's Office …." *Id.* at n.4. Finally, Defendants assert that "no individual by the name of 'Corrections Officer Householder,' listed in the complaint and on the docket, or any close approximation of that name, is or has been employed by Delaware County at any time relevant." *Id.* at n.9.

[5] The County Defendants contend that Plaintiff misspelled the name of Defendant Corrections Sergeant Shonebarger. (Doc. #17, *PageID* #244 n.8).

against the same named Defendants, alleging deliberate indifference to his serious medical needs resulting from the same facts. *See Mayhan v. Balzer*, No. 1:23-CV-426 (S.D. Ohio) (Cole, D.J.). On August 28, 2023, Plaintiff filed an Amended Compliant, (*id*. at Doc. #31), and the non-medical Defendants filed an Answer. *Id*. at Doc. #33. The Court held a preliminary pretrial conference and set a Calendar Order. *Id*. at Doc. #34. Due to illness of Plaintiff's counsel, the schedule was amended. *Id*. at Doc. #s 35, 36. Then, on May 10, 2024, Plaintiff filed a stipulated dismissal of the case without prejudice pursuant to Fed. Rule Civ. Pro. 41(a)(1)(A)(ii). (Doc. #37). The case was terminated. Plaintiff has now filed the instant action *pro se*, but the Complaint and the named Defendants appear to be the same as the prior case.

In his Complaint, Plaintiff alleges that he was incarcerated at the Delaware County Jail from July 2, 2021, through October 21, 2021, initially as a pretrial detainee awaiting trial on charges of retaliation, intimidation, and aggravated menacing involving former Delaware County Judge David Gormley. (Doc. #8, *PageID* #s 62-63, 67-68). A jury convicted Plaintiff of intimidation and menacing, and he was sentenced to a term of thirty months incarceration. *Id.* at 68-69.

Plaintiff alleges that during his incarceration at the Delaware County Jail, he suffered from "continual, serious and obvious intestinal problems which manifested themselves, *inter alia*, in symptoms including anal bleeding and passing bloody stools." (Doc. #8-1, *PageID* #69). Plaintiff submitted health service requests but alleges he received delayed and inadequate treatment and was misdiagnosed as having hemorrhoids. *Id*. His condition worsened, and he continued to pass blood in alarming quantities and experienced intestinal pain. *Id*. at 70. He made repeated requests for care "daily or near daily." *Id*. Plaintiff alleges that he directly informed each of the medical defendants as well as the sixteen Correctional Officer Defendants of his symptoms. *Id*. He further

alleges he was reprimanded for failing to flush the toilet after passing bloody stools and asking that a nurse inspect them. *Id*. Although a family member attempted to intervene on his behalf, "[n]o additional examination, discussion, or treatment resulted from [the] call." *Id*. at 71.

Plaintiff remained at the Delaware County Jail until he was transferred to the custody of the Ohio Department of Rehabilitation and Correction on October 22, 2021.[6] *Id*. at 69. While at Ross Correctional Institution, he continued to make health service requests. *Id.* at 71. In January 2023, Plaintiff suffered "extensive and life-threatening anal bleeding" and was sent to the Ohio State University Medical Center for treatment. *Id*. He was diagnosed with severe ulcerative colitis and underwent three surgeries that resulted in the total removal of his bowel. *Id.* Plaintiff must use a colostomy bag to eliminate solid waste. *Id*.

Plaintiff has since been released from custody. (Doc. #6).

## II. <u>STANDARD OF REVIEW</u>

The Federal Rules of Civil Procedure provide that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations' ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

[6] Plaintiff first indicates that he was transferred to Corrections Reception Center on October 22, 2023. (Doc. #8-1, *PageID* #69). However, in the same paragraph, Plaintiff states, "Between August 27, 2021, and October 22, 2021, a period of fifty-six (56) days, he was detained as a convict awaiting sentencing." *Id.* Based the later statement, as well other dates referenced in the Complaint, it appears that Plaintiff was transferred on October 22, 2021.

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679, 129 S.Ct. 1937 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

In determining a motion to dismiss, the Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). If more than one inference may be drawn from an allegation, this Court must resolve the conflict in favor of the plaintiff. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

While *pro se* parties must satisfy basic pleading requirements, *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989), their pleadings must be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Nevertheless, "even a *pro se* complaint 'must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face.'" *Ogle v. Columbia Gas Transmission, LLC,* 513 F. App'x 520, 522 (6th Cir. 2013) (citing *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937).

## III. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides a civil cause of action for persons "who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem*, 378 F.3d 566, 576 (6th Cir. 2004). In order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250 (1988); *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996). Further, because § 1983 is a method for vindicating federal rights as opposed to a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver,* 510 U.S. 266, 271, 114 S.Ct. 807 (1994).

In this case, Plaintiff alleges that Defendants were deliberately indifferent to his medical needs in violation of his constitutional rights under the Eighth and Fourteenth Amendments.[7] (Doc. #8-1, *PageID* #62).

Defendants move to dismiss Plaintiff's claims, asserting that "Plaintiff's Complaint fails to meet the minimum pleading requirements, does not name the proper parties, fails to sufficiently allege his constitutional claims, and is barred by qualified and statutory immunity as well as

[7] Although Defendants argue that "Plaintiff fails to allege actionable constitutional violations against the County Defendants[,]" (Doc. #17, *PageID* #251), Plaintiff specifies in his Complaint that he brings his claims under the Eighth and Fourteenth Amendments. (Doc. #8-1, *PageID* #s 62, 72).

applicable statutes of limitation." (Doc. #17, *PageID* #245). Plaintiff maintains that his "complaint alleges specific facts showing a serious medical need, notice to Defendants, numerous requests for care, repeated refusals, mocking responses, resulting in permanent injury, and exhaustion of available grievances." (Doc. #26-1, *PageID* #325).

**A. Individual Liability**

Defendants argue that Plaintiff failed to set forth specific or particular factual allegations against any individual County Defendant and failed to distinguish any of the County Defendants' conduct from one another's conduct. (Doc. #17, *PageID* #s 252-53).

To be held liable under § 1983, a plaintiff must establish that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Simply put, to establish liability and to overcome a qualified immunity defense, an individual must show that his or her *own* rights were violated, and that the violation was committed *personally* by the defendant." *Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014); *see also Ondo v. City of Cleveland*, 795 F.3d 597, 610 (6th Cir. 2015) ("When claiming damages for violations of constitutional rights, Plaintiffs 'must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.'") (quoting *Lanman v. Hinson,* 529 F.3d 673, 684 (6th Cir. 2008)). Based on this principle, district courts within the Sixth Circuit held that "group pleading" does not suffice to state colorable claims against individuals. *See, e.g., Garton v. Crouch*, No. 3:21-CV-00338, 2022 WL 275519, at *9 (M.D. Tenn. Jan. 28, 2022) ("The group pleading and conclusory assertions are not sufficient to state a colorable claim of any kind."); *Robertson v. Univ. of Akron Sch. of Law*, No. 5:20-CV-1907, 2021 WL 3709915, at *5 (N.D. Ohio Aug. 20, 2021) (finding the complaint's group pleading allegations "insufficient to demonstrate that each individual defendant

was personally involved in the alleged constitutional deprivations"); *Wolfe v. Ohio Dep't of Corr. & Rehab.*, No. 1:21-CV-01947, 2022 WL 1591304, at *5 (N.D. Ohio May 19, 2022) ("Plaintiff's categorical references to the 'various above captioned corrections officers' throughout the Complaint are insufficient to allege specific actions on Defendant Warden McConahay or any of the unnamed Corrections Officers John/Jane Does 4-25's behalf.").

Here, Plaintiff's Complaint contains very few specific allegations regarding the individual County Defendants. In his Complaint, Plaintiff first introduced all of the parties, identifying Defendant Jeffrey Balzer as the current Sheriff of Delaware County and Defendant Russell L. Martin as the former Sheriff of Delaware County. (Doc. #8-1, *PageID* #63). However, Plaintiff specifies that he sues both in their official capacities. He further identifies Defendant C.O.s Deskin, Saylor, Burns, Presley 1, Presley 2, Hall 1, Hall 2, Howard, Rochrbech, Hanes, Householder, Fogle and Defendant Sergeants Shoemaker, Robinson, Burton, and Frost as Corrections Officers at the Delaware County Jail, collectively referred to as the "Corrections Officer Defendants." *Id.* at 63-65. Although Plaintiff does not specify in what capacity he sues these Defendants in these paragraphs, Plaintiff does note on the cover page of his Complaint that they are sued in their individual and official capacities. (Doc. #8, *PageID* #56). Outside of these introductory paragraphs, the Court could only locate the following allegation that mentions any of these Defendants by name:

> 49. … Mayhan was accused by Defendant Roehrbech of using time in the toilet to masturbate.…

(Doc. #8-1, *PageID* #70). Instead, Plaintiff refers to them collectively or indicates that one of the Corrections Officer Defendants took an action. For example, Plaintiff alleges, "one of the Corrections Officer Defendants told Mayhan that he was suffering from hemorrhoids." *Id.* at 69. He later states, "Mayhan was reprimanded and punished when he passed bloody stools and did not

subsequently flush the toilet, requesting that a nurse inspect them to assess the seriousness of his passing blood. Corrections Officer Defendants flushed the stools ...." *Id.* at 70. These allegations are insufficient to demonstrate that each individual Defendant was personally involved in the alleged constitutional violation. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Mhoon v. Metro. Gov't of Nashville & Davidson Cnty., Tennessee*, No. 3:16-CV-01751, 2016 WL 6250379, at *3 (M.D. Tenn. Oct. 26, 2016) ("This form of group pleading is insufficient to establish that any one of Fiddler Defendants was deliberately indifferent to Plaintiff's serious medical needs.").

Accordingly, the undersigned recommends that Plaintiff's claims against Defendants Deskins, Salyer, Burns, Hall, Roehrenbeck, Hahn, Foley, Presley, Shonebarger, Robinson, Burton, and Frost be **DISMISSED**.

**B. Jail Medical Defendants**

Similarly to the Corrections Officer Defendants, Plaintiff's Complaint contains a brief introductory paragraph about each of the Jail Medical Defendants. Plaintiff indicates that Defendants Nurse Does 1-5 (collectively referred to as "the Nursing Defendants") were each employed by the Delaware County Sheriff and Delaware County Jail at all relevant times and were "charged with, and responsible for, providing medical care to inmates at the Jail, including the Plaintiff." (Doc. #8-1, *PageID* #s 65-66). Additionally, Plaintiff alleges that Defendant Dr. Richard Roe was a physician employed by the Delaware County Sheriff and Delaware County Jail at all relevant times and was "charged with, and responsible for, providing medical care to inmates at the Jail, including the Plaintiff." *Id.* at 66. Plaintiff collectively refers to Dr. Roe and the Nursing

Defendants as "the Jail Medical Defendants." *Id.* Outside of these introductory paragraphs, Plaintiff does not specifically identify any actions by a specific Nurse Defendant. Instead, he refers to them collectively or indicates that one of the Nursing Defendants took an action. For example, Plaintiff alleges that he "was sent to see a Nursing Defendant only twice, and on each occasion was told he had hemorrhoids." *Id.* at 70. He later states that he "repeatedly informed the Nursing Defendants and the Corrections Officer Defendants [] of his symptoms and that he believed he was suffering from a serious medical condition." *Id.* at 70. Plaintiff does not allege that he had any interactions with Dr. Roe. Instead, he generally alleges, for example, that "the Jail Medical Defendants and the Corrections Officer Defendants, individually and collectively, put Mayhan at a substantial risk of serious medical harm." *Id.* at 73. Similar to Plaintiff's allegations regarding the Corrections Officer Defendants, the allegations regarding the Jail Medical Defendants are insufficient to demonstrate that each individual Defendant was personally involved in the alleged constitutional violation. Therefore, the undersigned recommends that Plaintiff's claims against the Jail Medical Defendants be **DISMISSED**.[8]

### C. Sheriff Balzer & Official Capacity Claims

As previously mentioned, Plaintiff specifies in his Complaint that Sheriff Balzer is named "in his official capacity only, as the Sheriff of Delaware County, Ohio." (Doc. #8-1, *PageID* #63). However, "[a]n official-capacity claim against a person is essentially a claim against the municipality." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citation omitted). "[W]here the governmental entity itself is also a defendant, a claim against an official or employee

[8] Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis*, the Court must, at any time, dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Accordingly, the undersigned also recommends using its authority to dismiss these allegations for failing to state a claim upon which relief may be granted. *Id.*

of the entity in their official capacity is superfluous or redundant. *Day v. DeLong*, 358 F. Supp. 3d 687, 700 (S.D. Ohio 2019) (Rose, D.J.) (citing *Slocum v. City of Cleveland Heights*, Case No. 1:14-CV-00532, 2014 U.S. Dist. LEXIS 83700, *8 (June 19, 2014, N.D. Ohio)). Here, Delaware County is named, and thus, Plaintiff claims against Defendant Sheriff Balzer in his official capacity—as well as his claims against the other Delaware County Defendants in their official capacities—are superfluous or redundant. Accordingly, the undersigned recommends that Plaintiff's official capacity claims against the Delaware County Defendants be **DISMISSED**.

***D. Monell* Claims**

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018 (1978). Instead, "[t]o establish municipal liability pursuant to § 1983, a plaintiff must allege an unconstitutional action that 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or a 'constitutional deprivation [ ] visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels.'" *Shamaeizadeh v. Cunigan,* 338 F.3d 535, 556 (6th Cir. 2003) (quoting *Monell,* 436 U.S. at 690-91) (alteration in original). Thus, to survive a motion to dismiss, "a plaintiff must adequately plead (1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen." *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 660 (6th Cir. 2014) (citing *Lambert v. Hartman,* 517 F.3d 433, 439 (6th Cir. 2008)). To establish municipal liability based on a failure to act, a plaintiff must show

> (1) the existence of a clear and persistent pattern of violating federal rights …; (2) notice or constructive notice on the part of defendants;

> (3) the defendants' tacit approval of the unconstitutional conduct, such that their deliberate indifference in failing to act can be said to amount to an official policy of inaction; and (4) that the defendants' custom was the "moving force," or direct causal link for the constitutional deprivation.

*Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007).

Here, Plaintiff's Complaint fails to state a claim for relief under § 1983 against Delaware County. Plaintiff alleges no facts that that could support the imposition of liability on the County for the alleged misconduct of its employees. Instead, Plaintiff generally alleges that "[t]he ongoing failure to provide adequate and timely medical attention to Mayhan, the repeated denial of his requests for medical attention and the deliberate indifference he suffered were the result of the customs, usages, practices and policies of the Jail as adopted and maintained by the Defendant Sheriffs." (Doc. #8-1, *PageID* #73). He alleges, in the alternative, that "the failure to timely provide Mayhan with adequate medical attention … was a result of the failure of the Sheriff to have in place adequate procedures … and/or the failure to train, educate and discipline Jail staff …." *Id.* at 74. However, Plaintiff has failed to identify a specific policy or allege any facts that support the finding that he incurred his injury as a result of the execution of that specific policy. Nor has Plaintiff alleged any other instances of misconduct that plausibly support an inference of a custom or a pattern in this case. Instead, Plaintiff's "complaint simply parrots the language of case decisions which set forth the policy or custom standard for imposing municipal liability under § 1983." *Premoh v. City of Cincinnati*, No. 1:15-CV-265, 2016 WL 2858900, at *7 (S.D. Ohio May 13, 2016) (Litkovitz, M.J.), *report and recommendation adopted,* No. 1:15-CV-265, 2016 WL 3144152 (S.D. Ohio June 6, 2016) (Beckwith, D.J.). Because there are no factual allegations that would "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, Plaintiff's conclusory allegations of an unidentified custom, usage, practice, or policy—without more—fail

to state a claim for relief under § 1983. Therefore, the undersigned recommends that Plaintiff's *Monell* claims be **DISMISSED**.

Moreover, to the extent that Plaintiff alleges that the Delaware County Sheriff failed to train jail employees, it is well established that "[m]ere allegations that an officer was improperly trained or that an injury could have been avoided with better training are insufficient to prove liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 816 (6th Cir. 2005) (citing *Sova v. City of Mt. Pleasant,* 142 F.3d 898, 904 (6th Cir. 1998)). Instead, "[a] failure-to-train claim … requires a showing of 'prior instances of unconstitutional conduct demonstrating that the [municipality] ha[d] ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.'" *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (quoting *Miller v. Sanilac Cnty.,* 606 F.3d 240, 255 (6th Cir. 2010)). Here, Plaintiff does not allege any prior instances of unconstitutional conduct by Defendants; he merely alleges that the Sheriff failed to "train, educate and discipline Jail staff." (Doc. #8-1, *PageID* #74). Plaintiff's conclusory allegations are insufficient to state a failure to train claim under § 1983. Accordingly, to the extent Plaintiff seeks to bring a *Monell* claim based on a failure to train theory, the undersigned recommends that Plaintiff's claim be **DISMISSED**.

**E. Retired Sheriff Martin**

Plaintiff names both the current sheriff of Delaware County, Jeffrey Balzer, as well as the former sheriff, Russell Martin, as Defendants in this case. (Doc. #8-1, *PageID* #63). According to Plaintiff, Martin was the Delaware County Sheriff from June 2012 to April 2023 and was thus "the Sheriff at all times during which the events described in and giving rise to this Complaint occurred." *Id.* Plaintiff specifies, "[t]o the extent that the claims asserted in this Complaint arose because of the policies, practices, customs, or usages of the Delaware County Sheriff's Office, he

is being sued in his official capacity to the extent necessary to properly state the claims against that office." *Id.* at 63.

Under Rule 25(d) of the Federal Rules of Civil Procedure, when a public officer resigns or otherwise ceases to hold office, "[t]he officer's successor is automatically substituted as a party." Here, Martin was succeeded in office by Sheriff Balzer. Thus, under Rule 25(d), Sheriff Balzer was automatically substituted in Martin's place insofar as the complaint named Sheriff Martin in his official capacity. *See Kaminski v. Coulter*, 865 F.3d 339, 343 (6th Cir. 2017). As Plaintiff named Defendant Martin only in his official capacity and Plaintiff also named Sheriff Balzer as a Defendant, the undersigned recommends Plaintiff's claims against Defendant Martin be **DISMISSED**.

**F. Plaintiff's Request to Amend Complaint**

In his Response, Plaintiff requests the opportunity to amend his Complaint if the Court finds that his claims are insufficient. (Doc. #26-1, *PageID* #s 327-28). Defendants oppose Plaintiff's request, asserting that any amendment would be futile. (Doc. #27, *PageID* #s 337-38).

Rule 15(a) of the Federal Rules of Civil Procedure provides that a complaint may be amended once as a matter of course within 21 days of service of responsive pleadings. Fed. R. Civ. P. 15(a)(1). Additional amendments to a complaint require the Court's permission or the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). The grant or denial of a motion to amend under Fed. R. Civ. P. 15(a) is within the discretion of the trial court, and leave to amend a complaint should be liberally granted. *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227 (1962). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure

deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005).

Here, although Plaintiff requests an opportunity to amend the Complaint, he does not sufficiently inform the Court how he intends to amend his Complaint, and he did not include a proposed amended complaint. *See* Fed. R. Civ. P. 7(b); *Williams v. Zumbiel Box & Packaging Co.*, No. 04-CV-675, 2005 WL 8161971, at *1 (S.D. Ohio Feb. 3, 2005) ("To meet the particularity requirements of Rule 7(b), 'a complete copy of the proposed amended complaint must accompany the motion [for leave to amend] so that both the Court and opposing parties can understand the exact changes sought.'") (quoting *Smith v. Planas,* 151 F.R.D. 547, 550 (S.D.N.Y. 1993)). In the absence of a proposed amended complaint, the undersigned is unable to determine whether Plaintiff's amendment would be futile. *See Anders v. Shelby Cnty.*, No. 16-CV-02775-SHM-CGC, 2017 WL 4005453, at *3 (W.D. Tenn. Sept. 12, 2017) (denying request to amend complaint "because Plaintiff has not provided a proposed amended complaint or otherwise described new allegations he would include in a proposed amendment."). Accordingly, the undersigned recommends that the Court **DENY** Plaintiff's request to file an amended complaint.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendants' Motion to Dismiss (Doc. #17) be **GRANTED**;

2. Plaintiff's claims against Defendants Nurse Does 1-5 and Defendant Dr. Richard Roe be **DISMISSED**; and

3. Defendants' Motion to Stay Discovery (Doc. #18) be **DENIED** as moot;

4. This case be **TERMINATED** on the Court's docket.

July 31, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).