**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**BRANDON L. MAYHAN,**

**Plaintiff,**

**v.**

**JEFFREY BALZER, et al.,**

**Defendants.**

**Case No. 2:25-cv-522**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Silvain, Jr.**

## ORDER

Brandon Mayhan is a former inmate at the Delaware County Jail. Based on his travails there, he sued twenty-four different defendants—including several unnamed jail medical officials, a handful of Delaware County corrections officials, both the acting and former Delaware County sheriffs, and the County itself. (Compl., Doc. 8). The defendants (at least the non-Doe defendants) all moved to dismiss (Doc. 17) and to stay discovery (Doc. 18). In a July 31, 2026, Report and Recommendation (R&R, Doc. 29), the Magistrate Judge recommends that the Court **GRANT** the former and thus **DENY** the latter as moot. (Doc. 29, #356).

The R&R further advised both parties that a failure to object within fourteen days might result in forfeiture of rights on appeal, including the right to district court review. (Doc. 29, #357); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the

magistrate judge's R & R ... is forfeiture"); 28 U.S.C. § 636(b)(1)(C). The time for filing objections has long since passed, and none have been filed.

That said, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Mavrakis v. Warden*, No. 5:17-cv-2398, 2018 WL 4104187, at *3 (N.D. Ohio Aug. 28, 2018) (reviewing for clear error absent an objection to a Magistrate Judge's R & R); *Mason v. Comm'r. of Soc. Sec.*, No. 1:10-cv-2456, 2011 WL 3022016, at *1 (N.D. Ohio July 22, 2011) (same); *Malone v. Nike*, No. 2:18-cv-02505, 2020 WL 4106316, at *2 (W.D. Tenn. July 20, 2020) (same).

So the Court reviews here only for clear error, and it finds none. The Court agrees that Mayhan's complaint offers vague and conclusory allegations about how groups of jail officials mistreated him and how they did so because of some unspecified Delaware County custom or policy. (*E.g.*, Doc. 8-1, #72 (referring collectively to "the Jail Medical Defendants and the Corrections Officer Defendants"); *see also, e.g.*, *id.* at #73–74; *accord* Doc. 29, #347–55). The complaint does not "demonstrate what *each* defendant did to violate [Mayhan's] asserted constitutional right[s]," *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008), nor does it adequately "specify a governmental policy or custom from which his injuries flowed," *Brown v. Cuyahoga Cnty.*, 517 F. App'x 431, 436 (6th Cir. 2013). Thus, the facts Mayhan alleges are not "enough to raise [his] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the Court finds no clear error, the Court adopts

the Magistrate Judge's recommendation, dismisses Plaintiff's action, and denies as moot the motion to stay discovery. (Doc. 29, #356).

But there is one more wrinkle. The Magistrate Judge did not recommend whether the Court should dismiss Mayhan's complaint with, or without, prejudice. A dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is typically a "'judgment on the merits' and is therefore done with prejudice." *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981)). However, the Court has discretion to dismiss without prejudice. Fed. R. Civ. P. 41(b); *Lipman v. Budish*, 974 F.3d 726, 740 (6th Cir. 2020) ("[T]he determination to dismiss with prejudice, as opposed to without, is reviewed under an abuse of discretion standard."). Here, defendants sought (and the Magistrate Judge recommended) dismissal under Rule 12(b)(6), so the Court may order dismissal without prejudice. (Doc. 17, #244; *see generally* Doc. 29).

There is one further potential snag, though. The Plaintiff has already once voluntarily dismissed, under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the claim he presses in this action.[1] (Stipulated Dismissal, *Mayhan v. Balzer*, No. 1:23-cv-426 (S.D. Ohio May 10, 2024), Doc. 37). The Court's concern is that, while a plaintiff's first voluntarily dismissal under Rule 41(a)(1)(A) is without prejudice, a second such dismissal of the same claim "operates as an adjudication on the merits" and will preclude the plaintiff from asserting the claim a third time. Fed. R. Civ. P. 41(a)(1)(B).

[1] At the time of that previous voluntary dismissal Mayhan was represented by counsel. (Doc. 29, #343). That is no longer the case. (*Id.* at #344).

The question then is whether the dismissal of Mayhan's complaint here counts as a second dismissal for purposes of that rule, thereby requiring dismissal with prejudice.

Happily for Mayhan, though, both Rule 41's text and the weight of the authorities suggest that the Court may dismiss without prejudice under Rule 12(b)(6) regardless of whether the plaintiff has had a previous Rule 41 dismissal. Start with the rule itself. Rule 41(a)(1)(B) demands dismissal with prejudice only when the plaintiff files a second "notice of dismissal." The Rule's plain text, then, suggests that the two-dismissal rule applies only when the second dismissal is also a voluntary dismissal by notice under Rule 41(a)(1)(A), not when the second dismissal is involuntary, as it is under Rule 12(b)(6). Courts and commentators see it the same way. *See Sheet Metal Workers' Nat'l Pension Fund Bd. of Trs. v. Courtad, Inc.*, No. 5:12-cv-2738, 2013 WL 3893556, at *3 (N.D. Ohio July 26, 2013) (collecting cases); *Wellfount, Corp. v. Hennis Care Centre of Bolivar, Inc.*, 951 F.3d 769, 772 (6th Cir. 2020); 9 Wright & Miller's Federal Practice & Procedure § 2368 (4th ed. 2008).

So, the Court exercises its discretion to dismiss Mayhan's complaint without prejudice. That is at least in part because Mayhan is now representing himself. That entitles him to more leeway than the Court would afford parties represented by counsel. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). True, that leeway is not limitless. *E.g.*, *Ogle v. Columbia Gas Transmission, LLC,* 513 F. App'x 520, 522 (6th Cir. 2013). But dismissing a plaintiff's first pro se complaint with prejudice strikes the Court as harsh medicine. *See Craddock v. FedEx Corporate Servs., Inc.*, 102 F.4th 832, 839 (6th Cir. 2024); *Zona v. Lincoln Log Homes, Inc.*, 922 F.2d 842, 1991 WL 1119, at *2

(6th Cir. Jan. 8, 1991) (unpublished table decision). So the Court dismisses without prejudice. That means Mayhan may refile this action. But the Court cautions him that he should do so only if he can craft a new complaint that remedies the defects the Magistrate Judge described in the R&R. (Doc. 29).

In short, the Court **ADOPTS** the Report and Recommendation (Doc. 29), **GRANTS** Defendants' motion to dismiss (Doc. 17), **DISMISSES WITHOUT PREJUDICE** Mayhan's action in its entirety, and **DENIES** as moot Defendants' motion to stay discovery (Doc. 18). The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the docket.

**SO ORDERED.**

September 25, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**